UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO DIAZ,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, ROGER TIJERNIA,
and JOHN PRELESNIK,

    Defendants.

_____/

Case No. 1:09-cv-1109

HON. JANET T. NEFF

## OPINION

Plaintiff, a former employee of the Michigan Department of Corrections (MDOC), filed this action against defendants, alleging violations of federal and state employment laws. Pending before the Court is defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and (b)(6) (Dkt 14). For the following reasons, the Court concludes that defendants' motion is properly granted.

### I. BACKGROUND

Defendant MDOC hired plaintiff as corrections officer in Ionia, Michigan in 1989 (Am. Compl. ¶ 14). Plaintiff alleges that he began experiencing health problems in January 2007 and was diagnosed with hereditary chronic cardiac conditions and diverticulitis (*id.* ¶ 18). Plaintiff supplied defendants with medical certification to support his request for an "intermittent Family and Medical Leave Act" (FMLA) leave (*id.*). Although defendants approved plaintiff's intermittent FMLA leave, plaintiff alleges that defendants retaliated by giving him a written counseling discipline for missing

time from work (Am. Compl. ¶ 19). Plaintiff alleges that he filed a grievance to have the written counseling removed from his employment record (*id.*).

On or about July 5, 2007, plaintiff supplied defendants with certification for a second intermittent FMLA leave request (Am. Compl. ¶ 20). Plaintiff alleges that MDOC Human Resource Manager Roger Tijerina conditionally approved it, asking for additional information from plaintiff's physician, specifically, when plaintiff would need the time off; however, plaintiff's physician could not predict a time line (*id.* ¶¶ 20-21). Plaintiff alleges that the same conditional-approval scenario repeated itself with his next two FMLA leave requests on August 14, 2007 and October 2, 2007 (*id.* ¶¶ 22-25).

Plaintiff alleges that on or about October 14, 2007, Tijerina and Prison Warden John Prelesnik put him on a "secret interim rating (internal disciplinary process)" (Am. Compl. ¶ 26). He was notified on October 23, 2007 of a disciplinary conference scheduled for October 31, 2007 (*id.* ¶ 27). On or about October 26, 2007, plaintiff supplied defendants with certification for another intermittent FMLA leave (*id.* ¶ 28). Defendant Tijerina again only conditionally approved it, asking for the same additional information from plaintiff's physician (*id.*).

Plaintiff alleges that on or about October 29, 2007, his physician wanted to hospitalize him for blood loss, but plaintiff refused "because he was in fear of Defendant Prelesnick [sic]" (Am. Compl. ¶ 29). Plaintiff called his union representative to reschedule the October 31, 2007 disciplinary conference but was told that defendant Prelesnik would not reschedule the conference (*id.* ¶ 30). Plaintiff attempted to work on October 31, 2007 but eventually returned home (*id.* ¶ 31). Plaintiff was hospitalized the following morning for four days for diverticulitis and anemia (*id.*).

On November 7, 2007, plaintiff's employment was terminated for "time and attendance violations" (*id.* ¶ 32).

On December 8, 2009, plaintiff brought this suit against the MDOC only, alleging violations of the FMLA, 29 U.S.C. § 2601 *et seq.,* as well as Michigan's Elliot Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2102 *et seq*. On December 30, 2009, plaintiff filed an Amended Complaint to also name Tijerina and Prelesnik as defendants (Dkt 2). In his Amended Complaint, plaintiff alleges the following four counts:

I. "Interference with rights under the FMLA in violation of 42 U.S.C. § 1983 against Defendants Tijerina and Prelesnik in their individual capacities;"

II. "FMLA Retaliation in violation of 42 U.S.C. § 1983 against Defendants Tijerina and Prelesnik in their individual capacities;"

III. "Deprivation of a federally protected right in violation of the doctrine of *Ex Parte Young* against Defendants Tijerina and Prelesnik in their official capacities;" and

IV. "Race discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act against Defendant MDOC and Defendants Tijerina and Prelesnik as individuals."

Defendants filed a joint Pre-Motion Conference request on March 11, 2010, seeking to file a Motion to Dismiss plaintiff's complaint (Dkt 4). Following a Pre-Motion Conference on May 7, 2010, the Court issued a briefing schedule, permitting defendants to file their proposed dispositive motion. The parties filed their motion papers in July 2010 (Dkts 14-16). Having fully considered the written briefs and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d).

II. ANALYSIS

A. Motion Standards

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for a lack of subject matter jurisdiction. "When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction." *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002) (quoting *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000)). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. "'A [Rule 12(b)(6)] motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations.'" *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir. 2008) (quoting *Golden v. City of Columbus,* 404 F.3d 950, 958-59 (6th Cir. 2005)). In deciding the motion, the court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the nonmoving party. *Id.*

B. Discussion

*Counts I & II*

In Counts I and II, plaintiff invokes 42 U.S.C. § 1983 as a vehicle to recover for alleged violations of the FMLA by defendants Tijerina and Prelesnik, in their individual capacities. In their Motion to Dismiss, defendants argue that plaintiff cannot use § 1983 as a vehicle for his FMLA

claims in Counts I and II because FMLA provides an extensive statutory remedy that has not been declared unconstitutional (Dkt 15 at 5).

In response, plaintiff points out that the United States Supreme Court and the Sixth Circuit Court of Appeals have approved § 1983 suits against individual state officers for deprivation of rights guaranteed by federal statute (Dkt 16 at 15-18). Referencing the language of 42 U.S.C. § 1983 ("[e]very person who, under color of [state law] subjects … any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution *and laws*, shall be liable to the party injured") (emphasis added), plaintiff contends that his FMLA claims in Counts I and II are properly brought as "1983 and laws" claims, and that his FMLA rights are not subject to any known exception to the "1983 and laws" doctrine (Dkt 16 at 18-19). Plaintiff concedes that application of the "1983 and laws" doctrine to his FMLA claims is a new and novel interpretation of the statute and case law, but plaintiff suggests that public policy supports application here, where he has a "right without a remedy" (*id.* at 18-19).[1]

There is no dispute that FMLA was intended to benefit employees who have serious health conditions that prevent them from working for temporary periods. *See* 29 U.S.C. § 2601(a)(4). Moreover, the FMLA provides for a private cause of action "to recover damages or equitable relief ... in any Federal or State court of competent jurisdiction." 29 U.S.C. § 2617(a)(2). The "key inquiry is whether Congress intended the remedies in the FMLA to be exclusive" because to allow plaintiffs to benefit from additional remedies available pursuant to § 1983 would create "an end-run

---

[1]Plaintiff also includes in his Response an argument about why defendants Tijerina and Prelesnik are not entitled to qualified immunity (Dkt 16 at 20-23). However, as plaintiff also indicates, defendants have not raised a qualified immunity defense to the § 1983 claims against Tijerina and Prelesnik. It is similarly unnecessary for this Court to address the argument.

around the substantive statutory remedies and contravene Congress' intent." *Cmtys. for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d 676, 684 (6th Cir. 2006).

This Court agrees with the other district courts that have decided that the FMLA does not confer a right enforceable under § 1983. *See Hayduk v. City of Johnstown*, 580 F. Supp. 2d 429, 485 (W.D. Pa. 2008) (observing that "almost every decision of which this Court is aware has held, on reasoning similar to that presented above, that the FMLA provides the exclusive means of recovery for violation of rights created by the FMLA") (cases cited therein). *See also Kilvitis v. County of Luzerne*, 52 F. Supp. 2d 403 (M.D. Pa 1999) ("the FMLA provides a comprehensive remedial measures [sic] that evinces Congress' intent to foreclose the use of a § 1983 action"); *O'Hara v. Mt. Vernon Bd. of Educ.*, 16 F. Supp. 2d 868, 895 (S.D. Ohio 1998) (dismissing the plaintiff's § 1983 cause of action because "the enforcement scheme of the FMLA . . . provides the exclusive remedy for a violation of the Act").

For the reasons defendants more fully explicate in their motion brief (Dkt 15 at 8), this Court determines that because the FMLA provides a comprehensive statutory remedial scheme that is more restrictive than the remedies provided for under § 1983, the enforcement scheme of the FMLA provides the exclusive remedy for a violation of the Act. Plaintiff is therefore precluded from using § 1983 as a vehicle to recover for alleged violations of the FMLA. Accordingly, Counts I and II cannot proceed, and this Court dismisses the counts with prejudice.

*Count III*

In Count III, plaintiff alleges "Deprivation of a federally protected right in violation of the doctrine of *Ex Parte Young* against Defendants Tijerina and Prelesnik in their official capacities." Specifically, plaintiff alleges that he is entitled to "prospective relief against Defendants Tijerina and

6

Prelesnik in their official capacities enjoining them from further violation of his rights under the FMLA" (Amend. Compl. ¶ 52). In the Relief Requested section of his Amended Complaint, plaintiff requests "[a]n order of this Court returning Plaintiff to his position at MDOC with no loss of seniority, as prospective relief from the continuing violation of being denied his rightful position, pursuant to the Doctrine of Ex Parte Young" (*id. at* ¶ 2).

Defendants argue that this Court should dismiss plaintiff's *Ex Parte Young* injunctive relief request as this Court cannot properly address the underlying allegations to determine if there is an ongoing constitutional or statutory violation (Dkt 15 at 10). Although plaintiff states in his opposing Statement of Issues Presented that "[t]he Court should not dismiss the Plaintiff's Ex Parte Young injunctive relief request as this Court can address the underlying allegations to determine if there is an ongoing constitutional or statutory violation" (Dkt 16 at 5), plaintiff does not include any supporting argument in his Response.

The starting point for analyzing this argument for dismissal is the Eleventh Amendment, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Absent the state's consent, the judicial power of the United States does not extend to suits against a state by that state's own citizens, even though this limitation was not made explicit in the Eleventh Amendment." *Dubuc v. Mich. Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003) (citing *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890)).

"In addition to the states themselves, the Eleventh Amendment immunizes departments and agencies of the states." *Dubuc*, 342 F.3d at 615 (citing *Pennhurst State Sch. & Hosp. v. Halerman*,

465 U.S. 89, 100 (1984)). Hence, the MDOC, as a department of the State of Michigan, is entitled to Eleventh Amendment immunity, unless an exception applies. *See Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 422 F.3d 392, 400 (6th Cir. 2005) ("the self-care provision of the FMLA is unconstitutional insofar as it purports to abrogate state sovereign immunity").

Further, "[i]n general, the Eleventh Amendment immunizes state officials from suit in federal court." *Dubuc*, 342 F.3d at 616 (citing *Pennhurst*, 465 U.S. at 101). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," i.e., against the State. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

The doctrine of *Ex Parte Young* dictates that Eleventh Amendment immunity "does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising*, 427 F.3d 351, 358-59 (6th Cir. 2005) (en banc). The exception does not, however, extend to any retroactive relief. *S & M Brands,* 527 F.3d at 508.

"In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct 'a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon v. Maryland, Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (quoting Justice O'Connor's concurring opinion in *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *accord Dubuc*, 342 F.3d at 616.

The Court agrees with defendants that addressing plaintiff's request for reinstatement would necessitate delving into the issue of whether defendants violated plaintiff's FMLA rights, whether

8

there is a continuing violation, and whether reinstatement is appropriate. If this Court cannot look back to make a determination on the substantive FMLA issue, it cannot decide, as a prospective matter, if the alleged violation continues. The Eleventh Amendment therefore presents a jurisdictional bar as plaintiff cannot properly invoke the *Ex Parte Young* exception to Eleventh Amendment sovereign immunity. Therefore, this Court dismisses with prejudice plaintiff's Count III.

*Count IV*

Last, in Count IV, plaintiff alleges "race discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act against Defendant MDOC and Defendants Tijerina and Prelesnik as individuals." Specifically, plaintiff alleges that "other similarly situated Caucasian and African American employees working as correction officers for the MDOC were able to use the FMLA time off without being disciplined, fired or retaliated against after using FMLA time off" (Amend. Compl. ¶ 57).

Defendants argue that Eleventh Amendment immunity also bars plaintiff's Elliott-Larsen Civil Rights Act claims against defendants State of Michigan and Department of Corrections in Count IV (Dkt 15 at 12). Plaintiff responds that defendants Tijerina and Prelesnik are not protected from his civil rights claims because the ELCRA allows for individual liability of managers who commit acts of discrimination (Dkt 16 at 23-24). Plaintiff does address the viability of his claim against the MDOC.

The Sixth Circuit has held that Michigan's passage of the ELCRA did not waive Michigan's Eleventh Amendment immunity from suit in federal court. *Freeman v. Michigan*, 808 F.2d 1174, 1179 (6th Cir. 1987) ("The fact that Michigan seeks to prevent discrimination in the workplace by

9

means of state law does not establish that it has agreed to become a defendant in federal court suits based on violations of either state or federal law."). Therefore, Michigan has not consented to suit, and this Court lacks jurisdiction to hear the ELCRA claims against the MDOC.

Having dismissed the federal claim in Count IV, the Court, in accordance with 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over plaintiff's state law claims in Count IV against defendants Tijerina and Prelesnik.

### III.  CONCLUSION

For the foregoing reasons, the Court determines that defendants' Motion to Dismiss (Dkt 14) is properly granted. An Order will be entered consistent with this Opinion.


DATED: December 21, 2010         /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge