UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO DIAZ,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, ROGER TIJERNIA,
and JOHN PRELESNIK,

    Defendants.
_____/

Case No. 1:09-cv-1109

HON. JANET T. NEFF

## OPINION

Plaintiff, a former employee of the Michigan Department of Corrections (MDOC), filed this action against Defendants, alleging violations of federal and state employment laws. Now pending before the Court is Defendants' Motion for Summary Judgment (Dkt 36), seeking judgment as a matter of law in their favor on Plaintiff's Count III, entitled "Deprivation of a federally protected right in violation of the doctrine of *Ex Parte Young* against Defendants Tijerina and Prelesnik in their official capacities." For the following reasons, the Court concludes that Defendants' motion is properly granted.

### I. BACKGROUND

Plaintiff was employed by the MDOC when he was diagnosed with heart and abdominal conditions that forced him to take intermittent self-care leave. *Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 958 (6th Cir. 2013). Plaintiff alleges that he was fired on November 7, 2007 for time and attendance violations after taking various intermittent leaves and informing Human Resource

Manager Roger Tijerina and MDOC Warden John Prelesnik that, as a result of his condition, it would be difficult to predict when he would need to take time off in the future (*id.*).

Plaintiff filed suit against the MDOC, Tijerina and Prelesnik, alleging: interference with his rights under the Family Medical Leave Act (FMLA) against the manager and the warden in their individual capacities in violation of § 1983 (Count I); retaliation for exercising his FMLA rights against the manager and the warden in their individual capacities in violation of § 1983 (Count II); deprivation of a protected federal right against the manager and the warden in their official capacities in violation of the doctrine of *Ex parte Young* (Count III); and violations of state law against all defendants (Count IV). 703 F.3d at 958-59. Defendants filed a motion to dismiss all counts, which this Court granted on December 21, 2010 (Op. & Or., Dkts 17 & 18). Plaintiff appealed, and on January 7, 2013, the Sixth Circuit Court of Appeals affirmed this Court's decision on all counts but Plaintiff's Count III (Dkt 20).

On remand, this Court conducted a Scheduling Conference, and the parties engaged in a period of limited discovery. Defendants subsequently filed the instant Motion for Summary Judgment (Dkt 36), to which Plaintiff filed a response (Dkt 38) and Defendants filed a reply (Dkt 39). The Court finds that the relevant facts and arguments are adequately presented in the motion papers and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d).

## II. ANALYSIS

### A. Standard of Review

Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden of showing that no genuine

issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of an issue to be litigated at trial. *Slusher v. Carson,* 540 F.3d 449, 453 (6th Cir. 2008). The court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B.  Discussion

Defendants seek judgment as a matter of law in their favor on Plaintiff's Count III, entitled "Deprivation of a federally protected right in violation of the doctrine of *Ex Parte Young* against Defendants Tijerina and Prelesnik in their official capacities." Plaintiff alleges that "Defendants Tijerina and Prelesnik acted in their official capacities to terminate Plaintiff after he exercised his right to leave time under the FMLA" (Dkt 2, Amend. Compl. ¶ 51). Plaintiff alleges that he is "entitled to prospective relief against Defendants Tijerina and Prelesnik in their official capacities enjoining them from further violation of his rights under the FMLA" (*id.* ¶ 52). In the Relief Requested section of his Amended Complaint, Plaintiff also requests "[a]n order of this Court returning Plaintiff to his position at MDOC with no loss of seniority, as prospective relief from the continuing violation of being denied his rightful position, pursuant to the Doctrine of *Ex Parte Young*" (*id.* at ¶ 2).

The Sixth Circuit framed the inquiry for decision by this Court on remand as "whether Diaz sufficiently alleged an ongoing violation of federal law to maintain his equitable claim" (Dkt 20 at

16). In support of their motion for summary judgment, Defendants argue as a threshold matter that even assuming the sufficiency of Plaintiff's stated claim, Plaintiff's claim is time-barred because he filed the claim outside the applicable limitations period. Specifically, Defendants rely on the two-year limitations period of the FMLA, 29 U.S.C. § 2617(c)(1) (providing that "an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought") (Dkt 37 at 6). Defendants point out that Plaintiff did not file this suit against the MDOC until December 8, 2009 (more than one month after the limitations period expired) and did not amend his complaint to include Defendants Prelesnik and Tijerina until December 30, 2009 (more than seven weeks after the limitations period expired) (*id.* at 7). Defendants concede that the FMLA allows for an extended three-year limitations period when an employee can show a "willful" violation of the Act, 29 U.S.C. § 2617(c); however, Defendants point out that Plaintiff did not plead willfulness in his Amended Complaint, and Defendants argue that there is no basis upon which to find "willfulness" against the two individual Defendants (*id.* at 7-8).

In response, Plaintiff emphasizes that this is no longer an FMLA interference or retaliation case but an *Ex Parte Young* action for a continuing violation of rights conferred by the federal statute, and, as such, the statute of limitations prescribed by the FMLA is inapplicable to this case (Dkt 38 at 3-7). According to Plaintiff, the limitations period applicable to this action brought pursuant to *Ex Parte Young* is Michigan's general six-year limitations period because there is no specific Michigan statute pertaining to injunctive claims (*id.* at 8-9). *See* MICH. COMP. LAWS §§ 600.5813, 600.5815. Plaintiff argues that even assuming the FMLA's statute of limitations

4

should apply to this action, there is a question of fact as to whether the violation of Plaintiff's FMLA rights was willful such that the three-year limitations period would apply (Dkt 38 at 9-12).

Since the parties briefed the limitations issue, the Sixth Circuit Court of Appeals issued a decision in *Crugher v. Prelesnik*, 761 F.3d 610 (6th Cir. 2014), an employment discrimination case where Crugher similarly argued that the FMLA's statute of limitations period did not apply because his claim was brought under *Ex parte Young*. *Id.* at 614. Crugher contended that courts must look to analogous state law actions to determine the appropriate limitations period. *Id.* at 615. The Sixth Circuit disagreed. Referencing its prior decision in the case at bar, the Sixth Circuit rejected Crugher's argument, reasoning the following:

> Crugher's claim is not an "*Ex parte Young* claim"; it is a FMLA claim seeking prospective injunctive relief, expressly permitted by § 2617(a)(2) and (1)(B). *Ex parte Young* simply allows Crugher's claim for reinstatement, which would otherwise be barred by sovereign immunity, to be brought against Prelesnik. Importantly, our decision in *Diaz* stated that it is "not accurate" that state employees "have no rights derived from the FMLA." *Diaz*, 703 F.3d at 964 (emphasis added). The best reading of *Diaz*—and the one most consistent with Supreme Court case law on the *Ex parte Young* doctrine—is that equitable-relief suits are "derived from the FMLA" itself. *Ibid*. It is true that in some instances federal courts must determine whether the Supremacy Clause creates an implied right of action against a state official, where there is no express cause of action, and where Congress intended to create a private right and private remedy. *See, e.g., Arendale v. City of Memphis*, 519 F. 3d 587, 596 (6th Cir.2008) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S. Ct. 1511, 149 L. Ed.2d 517 (2001)). In these instances, there may not be a specific statute setting a limitations period, and courts look elsewhere to determine the proper limitations period. Indeed, in *Ex parte Young*, a state official was sued not for violating a statute but for violating the Constitution. Here, however, § 2617(a)(1)(B) of the FMLA expressly permits Crugher to seek prospective injunctive relief for violations of the FMLA's self-care provision. Crugher's attempt to apply an implied right of action directly under *Ex parte Young* is without merit because his suit is pursuant to an express right of action—the FMLA. *See* 29 U.S.C. § 2617(a)(2).

*Crugher*, 761 F.3d at 615 (footnote omitted).

The Sixth Circuit also pointed out that accepting Crugher's position would accord a reinstatement action by a state employee against a state official a longer limitations period than an action brought by a private employee against a private employer, opining that

> [t]here is no basis for this distinction. Indeed, the *Ex parte Young* exception is based on a legal fiction that "a state official who enforces [a] law 'comes into conflict with the superior authority of [the] Constitution,' and therefore is 'stripped of his official or representative character' and is subjected in his person to the consequences of his individual conduct." *Stewart*, 131 S. Ct. 1632 (second bracket in original). It follows, then, that the official who is now treated as an individual based on *Ex parte Young* should be subjected to the same statute-of-limitations period as any other private employer. Thus, because the FMLA expressly provides a cause of action for equitable relief, it is appropriate to apply the statute of limitations in the FMLA instead of looking to an analogous state statute or the general federal statute of limitations for civil actions contained in 28 U.S.C. § 1658(a).

*Crugher*, 761 F.3d at 616-17. In sum, the Court held that "the two-year statute of limitations period contained in the FMLA applies to reinstatement claims brought by state employees against state officials under § 2617(a)(1)(B)." *Id.* at 617.

Here, too, for the reasons stated by the Sixth Circuit, the limitations period contained in the FMLA is applicable to Plaintiff's claim seeking prospective injunctive relief (reinstatement) against state officials under the FMLA's self-care provision. Remaining for decision is whether Plaintiff alleged a "willful" violation allowing him to take advantage of the FMLA's three-year limitations period. According to the Sixth Circuit, a "willful" violation is shown when an employer "acts with knowledge that its conduct is prohibited by the FMLA or with reckless disregard of the FMLA's requirements." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004). The Court is not convinced that there is a factual basis for a finding of willfulness in this case.

First, as Defendants point out, and Plaintiff does not dispute, Plaintiff did not expressly allege in his complaint any allegations of willfulness (Dkt 37 at 7, citing *Oates v. Target Corp.*, 2012

WL 4513723, at *2 n.1 (E.D. Mich. 2012) (applying the FMLA's two-year limitations period despite the plaintiff's willfulness argument because the plaintiff had not included an allegation of willfulness in her amended complaint)). Indeed, the Sixth Circuit has emphasized that after the Supreme Court's decisions in *Iqbal*[1] and *Twombly*,[2] a plaintiff must do *more* than make the conclusory assertion that a defendant acted willfully. *Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496, 498 (6th Cir. 2014) (holding that the employer did not act with reckless disregard of FMLA requirements by denying employee leave so as to constitute a willful violation of the FMLA governed by three-year limitations period).

Second, Defendants assert that neither Defendant Tijerina nor Defendant Prelesnik made the decision to terminate Plaintiff and therefore could not have acted "willfully" by terminating him in violation of the FMLA; rather, Kathy Warner, the Discipline Coordinator for the Michigan Department of Corrections, made the decision to terminate Plaintiff (Dkt 37 at 8). Plaintiff argues that the "circumstances" pled in the complaint and established through testimony would nonetheless allow a reasonable jury to conclude that the violation was willful (Dkt 38 at 9). Plaintiff highlights a June 26, 2007 email message sent by Defendant Prelesnik wherein he asked supervisors to monitor staff patterns of sick leave and/or annual leave abuse and to use "progressive discipline to help resolve this problem" (*id.* at 10-11). Plaintiff characterizes Prelesnik's re-certification policy and second-opinion requirement as "draconian" (*id.* at 11). Plaintiff opines that because he was terminated "during a highly questionable crackdown on use of FMLA intermittent leave that

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Defendant Warden Prelesnik had initiated a few month[s] prior," a jury could conclude that the termination was willful retaliation for his exercise of FMLA rights (*id.* at 11-12).

The Sixth Circuit in *Crugher* examined the email message upon which Plaintiff also relies for a causal connection in this case, determining that (1) the substance of the e-mail does not support a finding of willfulness but merely shows that Prelesnik was attempting to limit *abuses* of FMLA leave; and (2) the e-mail does not relate to anything done at ICF relating to Plaintiff. 761 F.3d at 617. As Defendants point out, the email requests that supervisors monitor *all* types of leave by *all* personnel (Dkt 39 at 4). The Court agrees that the email does not demonstrate a willful intent to violate the Act but careful adherence to the Act. Last, Plaintiff has completely failed to address how Defendant Tijernia willfully violated the FMLA.

In sum, even with all reasonable inferences drawn in his favor, Plaintiff has not shown that Defendants Prelesnik and Tijernia acted with knowledge that their conduct was prohibited by the FMLA or with reckless disregard of the FMLA's requirements. Having failed to show a "willful" violation, Plaintiff's claim is governed by, and is untimely under, the two-year limitations period in the FMLA.

### III. CONCLUSION

For the foregoing reasons, the Court determines that Defendants' Motion for Summary Judgment (Dkt 36) is properly granted. An Order will be entered consistent with this Opinion. As the Order resolves the last pending claim, a corresponding Judgment will also be entered.

DATED: December 10, 2014          /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge